UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONTE S. HARRIS, JR.,

      Plaintiff,

    v.                                      Case No. 25-cv-0762-bhl

SGT KIJEK et al.,

      Defendants.

## DECISION AND ORDER

      Plaintiff Donte Harris, Jr., is representing himself in this 42 U.S.C. §1983 action. On May 27, 2025, he filed a motion asking the Court to allow him to pay the full filing fee from his release account. He explains that he does not have money to pay the filing fee in his regular account, but he has enough money in his release account to pay about 75% of the filing fee. (Harris does not explain how he plans to pay the remaining 25%.) For the reasons explained below, the Court will deny the motion.

      The Prison Litigation Reform Act (PLRA) applies to this case because Harris was incarcerated when he filed his complaint. That law requires the Court to collect filing fees from a "prisoner's account." 28 U.S.C. §1915(b). Wisconsin prisoners have two types of accounts, a regular account and a release account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466). Given the purpose of the release account, federal courts do not focus on that account as the source of funds to satisfy the filing fee payment requirements. *See Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). Although federal courts will

sometimes allow a plaintiff to pay the initial partial filing fee with funds in his release account, federal courts are less willing to allow a plaintiff to pay the full filing fee from that account. Allowing this practice would significantly deplete the value of the prisoner's release account, thereby undermining the very purpose of the account. Accordingly, the Court will not allow Harris to use funds in his release account to pay the full filing fee.

The Court notes that Harris also filed a motion to proceed without prepaying the full filing fee. On May 27, 2025, pursuant to 28 U.S.C. §1915(b), the Court entered an order assessing an initial partial filing fee of $1.24. Dkt. No. 6. As explained in the order, Harris must pay the initial partial filing fee from his regular account unless he does not have sufficient funds in that account to pay the fee. Only if Harris does not have sufficient funds in his regular account, may he use funds in his release account to pay the $1.24 initial partial filing fee.

**IT IS THEREFORE ORDERED** that Harris's motion for leave to pay the full filing fee with funds in his release account (Dkt. No. 2) is **DENIED**.

Dated at Milwaukee, Wisconsin on June 10, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge