DONTE S. HARRIS, JR.,

                              Plaintiff,

      v.                                            Case No. 25-cv-0762-bhl

JORDAN KIJEK et al.,

                              Defendants.

## DECISION AND ORDER

Plaintiff Donte Harris, Jr., who is incarcerated at the Waupun Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. He is proceeding, in part, on a retaliation claim against Defendant Jordan Kijek based on allegations that Kijek threw away Harris's property because Harris told him that he was going to file an inmate complaint about Kijek ignoring Harris's threats of self-harm. On February 17, 2026, Defendants filed a motion for partial summary judgment on the ground that Harris failed to exhaust the available administrative remedies for his retaliation claim. Dkt. No. 22. For the reasons explained below, the Court will grant Defendants' motion.

## BACKGROUND

At the relevant time, Harris was housed at the Waupun Correctional Institution where Defendant Jordan Kijek worked as a correctional sergeant. On November 13, 2023, Harris submitted an inmate complaint wherein he asserted that a lot of his personal property had been thrown away and/or lost while he was on observation status for two days. Harris explained that he spoke to Kijek about his property, and he admitted that it was possible some of his property had been thrown away. Dkt. No. 25-2 at 12-14. The inmate complaint was fully exhausted on February 12, 2024. Dkt. Nos. 24, 28 at ¶¶1-10.

On November 22, 2023, Harris submitted an inmate complaint wherein he asserted that, after he showed his arm with a self-inflicted cut to Kijek, Kijek made dismissive comments to him, closed the trap in his door, and walked away even though Harris stated he was suicidal. Dkt. No.

25-3 at 8-10.  The inmate complaint was affirmed by the warden on January 22, 2024.  Having secured a favorable determination, Harris did not submit an appeal.  Dkt. Nos. 24, 28 at ¶¶1-10.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)).  In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial."  *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted).  "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts."  *Id.*  Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Harris was a prisoner when he brought this action, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted."  42 U.S.C. §1997e(a).  The Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Inmate Complaint Review System allows Wisconsin inmates to file complaints about their living conditions and staff actions that personally affect them.  Wis. Admin. Code DOC §310.06.  Each inmate complaint "may contain only one clearly identified issue" and "must contain sufficient information for the department to investigate and decide the complaint." §310.07(5), (6).  "The exhaustion requirement protects the prison's administrative authority by giving it an opportunity to correct its own mistakes before suit is filed against it in federal court." *Id.*  Accordingly, "a prisoner satisfies the exhaustion requirement when he gives a prison notice

2

of, and opportunity to correct, a problem." *Id.* at 996. A prisoner "need not lay out the facts, articulate the legal theories, or demand particular relief. All the [prisoner] need do is object intelligibly to some asserted shortcoming." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

As noted, Harris is proceeding in part on a retaliation claim against Kijek. In the case of retaliation claims, an inmate complaint must "put the prison on notice about what protected conduct motivated [the prison official] to retaliate against him." *Maus v. Pagel*, No. 23-2855, 2024 WL 1342582 (7th Cir. Mar. 29, 2024). In other words, "[t]he plaintiff must identify some kind of activity he engaged in (for example, filing grievances against a defendant) and then connect that activity to the defendant's retaliatory conduct." *Rogers v. Webster*, No. 22-cv-1036, 2024 WL 1051321, at *4 (E.D. Wis. Mar. 11, 2024).

Harris asserts in this lawsuit that Kijeck retaliated against him by throwing away his property in response to Harris informing him that he was going to submit an inmate complaint about him. Kijek is entitled to summary judgment on Harris's retaliation claim because nowhere in his two inmate complaints did Harris suggest that Kijek retaliated against him based on any protected activity. Neither complaint alleges that Harris informed Kijek that he was going to submit an inmate complaint about him *or* that Kijek threw away his property because Harris had threatened to file an inmate complaint about him. In other words, Harris neither identified the protected activity that he engaged in (threating to file an inmate complaint) or connected that activity to Kijek's allegedly retaliatory conduct (throwing away Harris's property). Harris complained only that (1) Kijek ignored his threats of self-harm, and (2) Kijek threw away his property. But he did not complain that Kijek threw away his property *because* Harris threatened to submit an inmate complaint about him. As such, Harris did not exhaust the available administrative remedies because he did not provide adequate notice to the institution that he believed Kijek had retaliated against him. Kijek is therefore entitled to summary judgment on this claim.

Discovery closed on May 15, 2026. If the parties want to move for summary judgment on the merits of Harris' Eighth Amendment claims, they may do so by **June 15, 2026**. The Court reminds Harris that he may file a summary judgment motion, but he is not required to do so. Because the plaintiff has the burden of proof at trial, it is generally the defendant who moves for summary judgment on the ground that the plaintiff lacks evidence to meet that burden. If Defendants file a summary judgment motion, the case will proceed to trial if Harris is able to

3

demonstrate in his response materials that there is a dispute of material fact. If neither party moves for summary judgment, the case will proceed to trial.

**IT IS THEREFORE ORDERED** that Defendants' motion for partial summary judgment on exhaustion grounds (Dkt. No. 22) is **GRANTED.** Harris's retaliation claim against Kijek is **DISMISSED without prejudice**.

Dated at Milwaukee, Wisconsin this 30th day of April, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

4